CATHERINE BISSELL, Respondent, v. HIRAM STUDLEY, Appellant.

Where no exceptions are taken in the court below, there is no case before this court to review.

APPEAL from the Supreme Court, first district. Action to recover for baggage lost by the defendant as an express-man, tried at the Circuit by the judge and a jury.

The appeal was submitted at the last term of this court, by the respondent. The cases furnished are the copies used at the General Term in the court below, and are very imperfect. No cases or points have been furnished by the appellant.

It appears from the evidence that the defendant was engaged in May, 1858, in the business of carrying baggage to and from the New Haven railroad depot in the city of New York; his business being commonly known as a baggage express. An agent of the defendant received on the first day of that month, from Mrs. Bissell, wife of John Bissell, Esq., in the passenger cars of the said railroad, two metal baggage checks, which she had received from the baggage-master for two trunks, on taking her passage by that road from Stamford, Conn., to New York. She paid the agent fifty cents, and directed him to deliver the trunks at the depot of the Hudson River Railroad company in Chambers street, in the city of New York. She told the agent that she would be at that depot at five o'clock, P. M., when she proposed to take passage by the cars for Tarrytown. The agent undertook to deliver the trunks, and gave Mrs. Bissell a card, upon which he wrote the numbers of the metal checks which he had received from her. She produced the card at the depot in Chambers street, at the proper hour, but was unable to obtain but one of her trunks, the other having been lost. The contents of the trunks were proven to consist of ladies' wearing apparel, and $100 worth of jewelry, mostly of kinds usually worn by ladies; two miniatures and a daguerreotype, together worth $55. Mrs. Bissell, and her daughter, who

was also a passenger, testified that the agent said when he received the checks, that the baggage would be safe if they did not come for it in a fortnight. The agent testified that he did not say so.

The judge charged the jury that if the agreement was that the trunks were to be delivered personally to Mrs. Bissell at the depot, or on producing the check for them, at or about five o'clock, the defendant was liable for such portion of the luggage as passengers usually carry with them for their personal convenience in traveling.

The defendant's counsel requested the court to charge the jury that the defendant could not be made responsible for the jewelry, as no notice had been given upon its receipt that the trunk contained jewelry, and that common carriers are not liable for the loss of jewelry unless previously informed that the trunk or package contained such articles.

The judge charged that if the articles in the trunk were ordinary baggage, such as were requisite and necessary, the plaintiff was entitled to recover; and he refused to charge that jewelry formed an exception.

There were no exceptions taken to the charge of the judge as given, nor to his refusal to charge as requested, nor to any ruling occurring at the trial.

The papers handed up do not contain the verdict, or the judgment entered on it at the Circuit; they contain only the judgment entered at the General Term below. But it may be fairly inferred from the judgment of the General Term that the plaintiff had a verdict for the amount claimed, $306 with costs. This judgment was affirmed at the General Term, and the defendant now appeals to this court.

*Wm. F. Allen,* for the respondent.

LEONARD, J. According to the practice of this court, no exception appearing to have been taken during the trial, there is nothing to be discussed.

It does not appear that the appellant has not assented to all the rulings and directions given by the court at a jury

trial, unless some exception be taken. It is not the practice to grant new trials without an objection distinctly taken in due season by an exception.

There is a memorandum at the end of the case, stating that either party is at liberty to turn the case into a bill of exceptions; but that has no operation, as there are no exceptions appearing to have been actually taken.

It was thought in the court below that it was error to permit the jury to find the value of the miniatures as baggage, but, no exception having been taken to the charge, in this respect, the verdict and judgment were allowed to stand.

There is therefore nothing to be considered in this court, and the appeal is clearly frivolous.

The judgment should be affirmed with costs and ten per cent damages.

All the judges concurring,

Judgment accordingly.